UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| YOLANDA JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-05-280 |
| | § | |
| UNIVERSITY OF TEXAS MEDICAL | § | |
| BRANCH AT GALVESTON, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Now before the Court is Plaintiff's Motion for Attorney's Fees Consistent with the Offer of Judgment. As part of her Motion, Plaintiff included a copy of the Offer of Judgment, a letter from Plaintiff's counsel accepting the offer, and a time sheet for legal services provided to Plaintiff by attorney Anthony Griffin. The time sheet provided details over 150 hours of work dedicated to this case by Mr. Griffin from January 4, 2007 through May 4, 2007. Plaintiff requests an award of attorney's fees which would compensate her attorney for all of this time at a rate of $350.00 per hour. Defendant disputes this amount for three reasons. First, Defendant claims that the Offer of Judgment accepted by Plaintiff contemplates an award of fees starting on February 9, 2007, not January 4, 2007. Plaintiff does not respond to this argument, and the Court sees no way that she could dispute it. The Offer clearly states that fees will are those "incurred by Plaintiff, and fairly determined by this Court, from the time when this Court entered its Order in this case on February 9, 2007. Plaintiff's letter accepting the Offer confirms the February 9th start date. Accordingly, the Court finds that Plaintiff is only entitled to fees incurred on or after

February 9, 2007.[1]

Defendant's second argument is that Plaintiff is only entitled to fees through April 24, 2007, the date the Offer was submitted to Plaintiff. The Court is not persuaded by this argument. The Offer is silent regarding a final date for recovery of attorney's fees. It is entirely reasonable to assume that the Offer would contemplate fees incurred until final resolution of the case. It is also reasonable to assume that Plaintiff would appropriately incur attorney's fees after the date the Offer was transmitted by Defendant. Accordingly, the Court finds that Plaintiff is entitled to attorney's fees incurred through May 4, 2007.

Defendant's final argument basically boils down to allegations that Mr. Griffin recorded more time than was appropriate for certain tasks. The Court does not see anything out of the ordinary in Mr. Griffin's accounting and work descriptions. Additionally, the Court has seen Mr. Griffin's work in a substantial number of cases over a period of many years and regards him as one of the finest members of the area bar. Without very persuasive evidence, none of which has been presented in this case, the Court is reluctant to question the integrity of such a longstanding and respectable attorney.

Accordingly, the Court finds that Plaintiff is entitled to attorney's fees of $15,000.00. This is the amount necessary to compensate Plaintiff's attorney for fifty hours of work at $300.00 per hour. The Court finds that this is reasonable in light of Mr. Griffin's qualifications and experience and in accordance with the time descriptions submitted by Mr. Griffin. This award takes into account Fifth Circuit lodestar analysis and Plaintiff's interests while remaining mindful that any award in this case will be borne by the taxpayers. *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999).

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Accordingly, Plaintiff's Motion is **GRANTED**, and Plaintiff is awarded attorney's fees in the amount of $15,000.00.

**IT IS SO ORDERED.**

**DONE this the 14th day of August, 2007, at Galveston, Texas.**

_____
Samuel B. Kent
United States District Judge